UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUSTIN HUNTER, on his own behalf and
all similarly situated individuals,

    Plaintiff,

v.                                                    CASE NO: 8:11-cv-1871-T-26AEP

S D CONSTRUCTORS, INC.,

    Defendant.
_____/

**O R D E R**

    Pending before the Court is Plaintiff's motion for entry of default final judgment against Defendant and incorporated memorandum of law. After due consideration of Plaintiff's submissions, as well as the Court file, the Court is of the opinion that, notwithstanding the fact that the Court granted Plaintiff's motion for entry of a clerk's default,[1] the Court lacks personal jurisdiction over the corporate Defendant because Plaintiff has failed to effectuate proper service of process pursuant to section 48.081 of the Florida Statutes.

    As one Florida appellate court recently observed, "[s]tatutes governing service of process should be strictly construed, and valid service on a corporation may be effected

---

[1] See dockets 9 and 10.

only by complying with such statutes." Bank of America v. Bornstein, 39 So.3d 500, 502 (Fla. Dist. Ct. App. 2010) (citations omitted). Consequently, "[a]bsent strict compliance, the court lacks personal jurisdiction over the corporation." Id. (citation omitted). Finally, the burden of proving proper service is on the Plaintiff in this case and if the return of service is defective on its face, the Court cannot rely upon it as evidence that Defendant was properly served. Id. at 503 (citing Re-employment Servs., Ltd. v. Nat'l Loan Acquisitions Co., 969 So.2d 467, 471 (Fla. Dist. Ct. App. 2007)).

In this case, as in York Communications, Inc. v. Furst Group, Inc., 724 So.2d 678, 679 (Fla. Dist. Ct. App. 1999), the process server has not included a statement supporting the necessity of substituted service on the Defendant's registered agent thus patently tainting that service.[2] That is, "[t]he process server alleged neither that he first attempted to serve the registered agent nor that the agent was absent." Id. at 679; accord Saridis v. Vista St. Lucie Ass'n, 804 So.2d 372, 373 (Fla. Dist. Ct. App. 2001) (holding that "[i]t is well established that for service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the statutorily prescribed superior classes of persons who may be served.") (citations omitted); Nationsbanc Mortg. Corp. v. Gardens North Condo. Ass'n, 764 So.2d 883, 885 (Fla. Dist. Ct. App. 2000) (concluding that "[b]ecause the affidavit did not contain any statement supporting the necessity for the substituted service, the Gardens' attempted service was facially void

---

[2] See docket 7.

and, therefore, the court should have vacated the default judgment and set aside the certificate of title.") (citations omitted).

Accordingly, Plaintiff's Motion for Default Final Judgment (Dkt. 14) is denied. Plaintiff shall effect proper service of process on Defendant and file its return of service on or before December 2, 2011, failing which this case will be dismissed without prejudice and without further notice.

**DONE AND ORDERED** at Tampa, Florida, on November 1, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record